IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA**  )  | Criminal No.   5:15-CR-248 (GTS) |
| )  | |
| **v.**  )  | |
| )  | |
| **GARY VELLETTO,**  )  | |
| )  | |
| )  | |
| **Defendant.**  )  | |

**PRELIMINARY ORDER OF FORFEITURE**
**FOR MONEY JUDGMENT & SUBSTITUTE ASSETS**

WHEREAS, on September 13, 2016, **GARY VELLETTO** ("the defendant") pled guilty to Counts One and Four in Indictment 5:15-CR-248 (GTS), for which the government sought forfeiture pursuant to 18 U.S.C. § 982(a)(1), and 21 U.S.C. §§ 853(a)(p); and

WHEREAS, the defendant consented in his written Plea Agreement to the entry of the forfeiture money judgment in an amount set forth below representing proceeds obtained, directly or indirectly, as a result of the offenses of conviction, property used, or intended to be used, in any manner or part, to commit or to facilitate the offenses of conviction, and property real or personal, involved in the offenses of conviction; and

WHEREAS, the defendant further consented in his written Plea Agreement to the forfeiture of all right, title, and interest in the property set forth below pursuant to 21 U.S.C. § 853(p) as substitute property to be applied to the forfeiture money judgment;

WHEREAS the defendant further agreed in his written Plea Agreement that the government has satisfied the elements of 21 U.S.C. § 853(p)(1) necessary for the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p);

IT IS NOW HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. The defendant shall forfeit to the United States the full value of the following personal forfeiture money judgment:

   a. A money judgment in the amount of $1,274,310.00 (the "Forfeiture Money Judgment").

2. The defendant shall further forfeit to the United States all right, title and interest in the following property as substitute property:

   a. $13,592.00 in U.S. Currency;
   b. $4,440.00 in U.S. Currency; and
   c. $2,279.00 in U.S. Currency.

3. Upon the entry of this Order, the United States Attorney General, or her designated representative, is authorized to seize the substitute property set forth above which is subject to forfeiture, and to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(g), including, but not limited to, deposing the defendant.

4. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

5. The United States shall publish notice of the Order and its intent to dispose of the substitute property in such a manner as the United States Attorney General, or her representative, may direct. The United States will also, to the extent practicable, provide written notice to any person known to have an alleged interest in the substitute property.

6. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the substitute property set forth above in any administrative or judicial proceeding. The defendant will fully assist the government in effectuating the surrender and forfeiture of this property to the United States. Furthermore, the defendant shall take whatever steps necessary to ensure that clear title to the property passes to the United States, including the

execution of any and all documents needed to effectuate the surrender and forfeiture of this property to the United States.  If any third-party files a claim to the property, the defendant will assist the government in defending such claims.  If the property, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the defendant up to the value of the missing property, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

7. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the property forfeited hereunder, including notice set forth in an indictment or information.  In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the property forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of same, including, but not limited to, any defenses based on principles of double jeopardy, or any defense under the Eighth Amendment, including a claim of excessive fines.

8. Any person, other than the defendant, asserting a legal interest in any of the substitute property may, no later than sixty (60) days after the first day of publication on the official government internet website, www.forfeiture.gov, or no later than thirty (30) days after receipt of direct notice, if any, under Rule G(4)(a), whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her claimed interest in the substitute property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

9. Any petition filed by a third-party asserting an interest in the substitute property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the substitute property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the substitute property, any additional facts supporting the petitioner's claim, and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the substitute following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in Fed. R. Crim. P. 32.2(c)(1) incorporating 21 U.S.C. § 853(n), for the filing of third-party petitions.

12. All payments made by the defendant toward the Forfeiture Money Judgment shall be made by a money order, or a certified or official bank check, payable to the United States Marshals Service with the criminal docket number noted on the face of the check. The defendant shall cause said check to be delivered by overnight mail to Assistant United States Attorney Tamara B. Thomson, United States Attorney's Office for the Northern District of New York, 100 South Clinton Street, Syracuse, New York, 13261.

13. If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property in which the defendant possesses an ownership interest up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p), pertaining to the forfeiture of substitute property, the Federal Debt Collection Procedures Act, or any other applicable law. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any of the property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

14. Upon entry of this Order, the United States Attorney General or her designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3).

15. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

16. The entry and payment of the Forfeiture Money Judgment shall not be considered the payment of the fine, penalty, restitution loss amount, or income taxes that may be due, and shall survive bankruptcy.

17. The forfeiture of the property set forth above shall not be considered the payment of the fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

18. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final as to the defendant at the time of sentencing, or, where a written Plea Agreement has been entered, any time after the issuance of this Preliminary Order of Forfeiture.

19. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(B), this Order of Forfeiture shall be made part of the defendant's sentence and included in the judgment.

20. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

21. The Clerk of the Court shall forward an electronically certified copy of this Order to Assistant United States Attorney Tamara B. Thomson, United States Attorney's Office for the Northern District of New York, 100 South Clinton Street, Syracuse, New York, 13261.

Date:   October 7, 2016

Hon. Glenn T. Suddaby
Chief U.S. District Judge